UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
CHOTAN CHOUDHARY,

                    Plaintiff,

      -against-

PATRICK R. DONOHOUE [SIC], UNITED
STATES POSTAL SERVICE,

                    Defendants.
----------------------------------------------------X

ORDER
14-CV-4500 (SJF)(AKT)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ NOV 14 2014 ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On July 25, 2014, *pro se* plaintiff Chotan Choudhary ("plaintiff") filed a complaint in this Court against United States Postmaster General Patrick R. Donahoe[1] and the United States Postal Service (collectively, the "defendants"), accompanied by an application to proceed *in forma pauperis*.

Upon review of the declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons that follow, plaintiff's complaint is *sua sponte* dismissed for failure to state a claim for relief under 28 U.S.C. §§ 1915(e)(2)(B)(ii).

---

[1] Although plaintiff misspelled the Postmaster General's surname, *i.e.*, "Donahoue", the Court understands that plaintiff intended to name "Donahoe" and the Clerk of the Court is directed to so amend the caption.

I. Background[2]

Plaintiff submitted his complaint on the Court's employment discrimination complaint form. [Docket Entry No. 1 (the "Complaint" or "Compl.")]. However, plaintiff has written "N/A" in each space of the form calling for the identification of the statute under which the claim arises. *See* Compl. at 1. Rather than check any of the boxes calling for the identification of the alleged discriminatory conduct, plaintiff checked the "other" box and wrote "over turn arbitration award." Compl. ¶ 4. Plaintiff did not check any of the boxes in the section of the form calling for the basis of any claimed discrimination. Compl. ¶ 7. Although no discriminatory act has been alleged, plaintiff claims that the "alleged discriminatory acts occurred on 12-25-2012." Compl. ¶ 5. In the fact section of the complaint form, Plaintiff alleges the following: "There was arbitration held on this matter 4 times & I am not satisfied with arbitration decision so I am looking to overturned [sic] the arbitration award." Compl. ¶ 8.

II. Discussion

A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

---

[2] All material allegations in the complaint are assumed to be true for the purposes of this Order, *see, e.g., Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

B. Application of 28 U.S.C. § 1915

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. It is axiomatic that district courts are required to read a *pro se* complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations omitted), and construe it "to raise the strongest arguments" suggested. *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the…claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 o(quotations and citation omitted); *see also Anderson News, LLC v. American Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, LLC*, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550

U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *see also Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Plaintiff's submission does not identify the grounds for the court's jurisdiction or contain a statement showing entitlement to relief but rather merely states the relief sought: "overturn arbitration award." Compl. ¶ 4. Though far from clear, to the extent that plaintiff's claim arises under Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and/or the Postal Reorganization Act ("PRA"), 39 U.S.C. § 1208(b), plaintiff is cautioned that, as a general rule, only the parties to the arbitration have standing to challenge an arbitration proceeding. *See, e.g., Katir v. Columbia Univ.*, 15 F.3d 23, 24-25 (2d Cir. 1994) (*per curiam*) ("If there is no claim that the union breached its duty of fair representation, an individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties.").

Moreover, a district court may vacate an arbitration award

> upon the application of any party to the arbitration - - (1) where
> the award was procured by corruption, fraud, or undue means; (2)
> where there was evident partiality or corruption in the arbitrators,
> or either of them; (3) where the arbitrators were guilty of
> misconduct in refusing to postpone the hearing, upon sufficient
> cause shown, or in refusing to hear evidence pertinent and material
> to the controversy; or of any other misbehavior by which the rights
> of any party have been prejudiced; or (4) where the arbitrators
> exceeded their powers, or so imperfectly executed them that a
> mutual, final, and definite award upon the subject matter submitted
> was not made.

9 U.S.C. § 10(a)(1)-(4).

Here, plaintiff simply seeks to "overturn" (Compl. ¶¶ 4, 8) the arbitration award but does not allege any basis, other than the fact that he is "not satisfied with the arbitration decision" (Compl. ¶ 8) for the court to do so. Plaintiff's complaint does not conform with the requirements of Rule 8 and does not plead sufficient facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, **plaintiff's complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) unless plaintiff files an amended complaint within thirty (30) days from the date of the entry of this order.**

III.  Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) **unless plaintiff files an amended complaint within thirty (30) days from the date of the entry of this order.** The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. If plaintiff fails to file an amended

complaint within thirty (30) days, his complaint shall be dismissed with prejudice and the case shall be closed. If plaintiff does file an amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

The Clerk of the Court shall, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: November 14, 2014
Central Islip, New York