FILED
CLERK
4/14/2015 3:48 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHOTAN CHOUDHARY,

                Plaintiff,

  -against-

UNITED STATES POSTAL SERVICE,

                Defendant.
------------------------------------------------------X

MEMORANDUM & ORDER
14-CV-4500(SJF)(AKT)

FEUERSTEIN, District Judge:

      On July 25, 2014, *pro se* plaintiff Chotan Choudhary ("plaintiff") filed a complaint against United States Postmaster General Patrick R. Donahoe and the United States Postal Service ("USPS"), accompanied by an application to proceed *in forma pauperis*. [Docket Entry Nos. 1, 2]. By Order dated November 14, 2014, the application to proceed *in forma pauperis* was granted and the complaint was *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief. [Docket Entry No. 6]. Plaintiff was granted leave to file an amended complaint within thirty (30) days. *Id.* On December 12, 2014, plaintiff filed an amended complaint. [Docket Entry No. 7 ("Amended Complaint" or "Am. Compl.")].

I.    Discussion

    A.    The Amended Complaint

      Plaintiff's Amended Complaint, submitted on the Court's general amended complaint form, alleges that the basis for the Court's subject matter jurisdiction is federal question (Am. Compl. ¶ II.A.), however, plaintiff alleges that "28 U.S.C. § 1332," the diversity jurisdiction statute, is the "federal Constitutional, statutory, or treaty right [] at issue." *Id.* ¶ II.B. Plaintiff asserts that events

giving rise to his claim occurred on March 12, 2013 at the "U.S.P.S. Building" in Melville, New York. *Id.* ¶ III.A-B. Plaintiff alleges the following in the fact section of the Amended Complaint:[1]

> The arbitration didn't gave [sic] me oppourtunity [sic] to keep my side to arbitrator, even no leeter [sic] was sent to me that U.S.P.S. [sic] going to arbitrate. I didn't have any notice that arbitration was going to be held on 03-12-2013. I suddeneley [sic] got letter that arbitration is already done, this is your arbitration decision, and your greivance [sic] is dismissed. Only plaintiff vs U.S.P.S. arbitration heard according to leeter [sic] I received from arbitrator panel [sic]. I saw in letter that plaintiff was fully unaware of arbitration decision that was heard in plaintiff absent.

*Id.* ¶ III.C. Although plaintiff alleges that he "didn't have any injury" (*id.* ¶ IV), he seeks to "overturn arbitration award that is not a properly heard case by arbitrator. It was heard only by based [sic] on employer what ever fact provided. No oppourtunity [sic] to given plaintiff to submit plaintiff argument." *Id.* ¶ V.

    B.    Application of 28 U.S.C. § 1915

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

It is axiomatic that district courts are required to read *pro se* complaints liberally (*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013)), and to construe them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and

---

[1]     The excerpt from the Amended Complaint is reproduced here exactly as it appears in the original.

citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the…claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quotations and citation omitted); *see also Anderson News, LLC v. American Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, LLC*, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955); *see also Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

C.     The Amended Complaint Does Not Allege a Plausible Claim for Relief

Liberally construing the Amended Complaint, it appears that *pro se* plaintiff's claim arises under Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*., and/or the Postal

Reorganization Act ("PRA"), 39 U.S.C. § 1208(b). Under Section 10 of the FAA, a district court may vacate an arbitration award

> upon the application of any party to the arbitration - - (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4). Section § 1208(b) of the PRA states that

> Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees. . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy.

39 U.S.C. § 1208(b). Under Section 10 of the FAA, only a "party to the arbitration" has standing to make a motion to vacate. 9 U.S.C. § 10 (1994); *see Katir v. Columbia Univ.*, 15 F.3d 23, 24-25 (2d Cir. 1994) (*per curiam*) ("If there is no claim that the union breached its duty of fair representation, an individual employee represented by a union generally does not have standing to challenge an arbitration proceeding to which the union and the employer were the only parties."); *Johnson v. Am. Arbitration Assoc.*, No. 98-civ-6314, 1999 WL 223154, at *2 (S.D.N.Y. Apr. 16, 1999) (where plaintiff "was not a party to the arbitration" which "was brought on his behalf by the Union," and plaintiff "[did] not allege that the Union breached its duty of fair representation…any cause of action to confirm, vacate, or modify the arbitration award must be dismissed for lack of standing").

4

Plaintiff has not alleged that he was a party to the arbitration, and consequently has standing to vacate the award only if he also alleges that the union breached its duty of fair representation. Plaintiff has not alleged, and nothing in the Amended Complaint supports a claim that his union breached its duty of fair representation. Accordingly, plaintiff lacks standing to seek vacateur of the arbitration award. Given that plaintiff has failed to allege a plausible claim for relief, the Amended Complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

III. The All Writs Act

Plaintiff is no stranger to this Court. During the period October 23, 2007 to July 25, 2014, plaintiff has filed three *in forma pauperis* complaints in this Court against the United States Postal Services challenging the termination of his employment. *See Nathan v. Potter*, 07-CV-4424(SJF)(AKT); *Nathan v. USPS*, 13-CV-1866(SJF)(AKT) and *Choudhary v. USPS*, 14-CV-4500(SJF)(AKT).

Under the All-Writs Act, a federal district court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The All-Writs Act grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999); *see also Matter of Hartfod Textile Corp.*, 613 F.2d 388, 390 (2d Cir. 1979) (holding that the All Writs Act "grant[s] the district court power *sua sponte* to enjoin further filings in support of frivolous and vexatious claims."). Those circumstances include cases where a litigant engages in the filing of repetitive and frivolous suits. *See Malley v. New York City Bd. of Educ.*, 112 F.3d 69 (2d Cir. 1997) (*per curiam*) (filing injunction may issue if numerous complaints filed are based on the same events); *see also Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005)

5

("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system") (quotations and citations omitted); *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.") (*quoting Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985) (*per curiam*)). Such an injunction, while protecting the courts and parties from frivolous litigation, should be narrowly tailored so as to preserve the right of access to the courts. In addition, the Court must provide plaintiff with notice and an opportunity to be heard before imposing a filing injunction. *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*); *MLE Realty*, 192 F.3d at 261.

Plaintiff's continued filing of *in forma pauperis* complaints against the USPS seeking redress for the termination of his employment constitutes an abuse of the judicial process. Given the Court's "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel" (*Lau v. Meddaugh,* 229 F.3d 121, 123 (2d Cir. 2000), **plaintiff is warned that similar, future actions will not be tolerated**.

The Court is especially cognizant of plaintiff's *pro se* status and has considered his submissions in as positive light as possible. Nonetheless, if plaintiff persists in this course of action, the Court will issue an order to show cause why he should not be required to seek leave of this Court before filing any future actions in this Court. In addition, the Court may direct the Clerk of

the Court to return to plaintiff, without filing, any such action that is received without a clear application seeking leave to file, and the Court may *sua sponte* dismiss the case with prejudice.

Finally, plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to *pro se* litigants (*see Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and *pro se* litigants . . . ."); *Ginther v. Provident Life and Cas. Ins. Co.*, 350 F. App'x 494, 496 (2d Cir. 2009) (summary order) (affirming a district court's imposition of Rule 11 sanctions against a *pro se* litigant)), and that should he file another frivolous action, it is within the Court's authority to consider imposing sanctions upon him. *See* Fed. R. Civ. P. 11.

IV. Conclusion

For the reasons set forth above, plaintiff's Amended Complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). The Clerk of the Court is directed to close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, to serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED**.

s/ Sandra J. Feuerstein\_\_\_\_\_
Sandra J. Feuerstein
United States District Judge

Dated: April 14, 2015
Central Islip, New York